UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN PLASTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21 CV 672 JMB |
| | ) | |
| STEPHEN BRADLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the "Stipulated Protective Order" filed as a motion for protective order (Doc. 30).  The motion is **DENIED without prejudice**.  Federal Rule of Civil Procedure 26(c) provides that "[t]he court may, for good cause" issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."   The burden of establishing good cause falls on the moving party and the motion must be supported by more than just "stereotypical and conclusory statements."  Miscellaneous Docket Matter No. 1 v. Misscellaneous Docket M atter No. 2, 197 F.3d 922 (8th Cir. 1999).  While the parties agree to the protective order, no good cause has been shown; instead, the parties have merely filed a proposed order.

In reviewing the proposed order, the court has the following observations:  As to paragraph 9, the parties may not file redacted documents without prior court approval.  As to paragraph 11, the court assumes that any requests to limit disclosure of relevant documents/evidence at trial will be made in a motion in limine.   In paragraph 14, the last sentence will not be approved – orders of the court will be modified consistent with the federal rules.  Finally, it is unclear what paragraph 24 means or intends.  With the foregoing in mind, the parties are granted leave to refile their motion

provided they demonstrate good cause as required by Rule 26 and attach a revised proposed order

for consideration.


                                          ***_/s/ John M. Bodenhausen_***
                                          JOHN M. BODENHAUSEN
                                          UNITED STATES MAGISTRATE JUDGE


Dated this 16th day of November, 2021