UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN PLASTICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21 CV 672 JMB |
| | ) |
| STEPHEN BRADLEY, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| *** | ) |
| | ) |
| SCOT YOUNG RESEARCH, INC., | ) |
| | ) |
| Movant. | ) |

## MEMORANDUM AND ORDER

On November 22, 2021 a motion hearing was held on movant Scot Young Research Inc.'s motion to quash, or alternatively, for protective order (Doc. 26).  For the reasons set forth at the hearing and below, the motion is **TAKEN UNDER ADVISEMENT**.

On October 4, 2021, plaintiff served a subpoena upon non-party Scot Young seeking various categories of documents related to its claim that defendant violated the Defend Trade Secrets Act, 18 U.S.C. § 1836, by divulging trade secrets to Scot Young, his new employer, after October 2, 2020.  Scot Young appears to have received the subpoena on October 12, 2021 and Plaintiff sought compliance with the subpoena by October 25.  In its document request, plaintiff seeks documents from January 2019 (4 months prior to when it had hired defendant) related to defendant's employment/communications with Scot Young, Scot Young's business operations and structure, defendant's customers and communications, and Scot Young's relationship to various organizations/entities and in relation to a mop product.  Scot Young objects, arguing in part that

the requests are unduly burdensome, overbroad, and issued prior to the parties conducting discovery.

Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery of non-privileged material that is relevant to a claim or defense and that is proportional to the needs of the case. The Court may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Id. Rule 26(b)(2)(C)(i).  Likewise, a party serving a subpoena issued to a third party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Id. Rule 45(d)(1). To that end, the Court must quash or modify a subpoena that is unreasonable, requires disclosure of privileged information, or subjects a third-party to undue burden. Id. Rule 45(d)(3)(A). The burden is on the party seeking to quash or modify the subpoena. United States v. Corbett, 2008 WL 2095740, *1 (E.D. Mo. 2008).

In general, the information sought by plaintiff appears relevant to the claim that defendant divulged trade secrets, including potential new customer information related to its mop product, to his new (and former) employer, Scot Young. However, plaintiff did not first seek the discoverable information from defendant, did not allow sufficient time for compliance with the subpoena, and sought broad categories of information, some of which appears to be proprietary and/or privileged or only tangentially related to actual claims in the case. While the court appreciates that the parties attempted to revolve this dispute prior to seeking court intervention, additional negotiations are warranted under the circumstances. To aid in further discussion, plaintiff is directed to wait for discovery responses from defendant that may provide some of the information requested. See Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 927 (8th Cir. 1999) (citation omitted) ("[C]oncern for the unwanted burden thrust upon non-parties is a

factor entitled to special weight in evaluating the balance of competing needs."); *see also* Fed. R. Civ. P. 45(d)(1) (Parties should avoid imposing "undue burden or expense" on a person subject to a subpoena."). The court understands that the parties will be completing written discovery by the end of December, 2021. Second, a number of requests, most notably ## 1, 2, 11, 13, 14, 16, and 17 appear overbroad and should be narrowed. Third, the requests that seek proprietary or privileged information (e.g. ## 1, 2, 7, 8, 10, 12, 15, 16, 17, 21, 22, and 23) should be subject to a protective order that the parties shall present to the court for approval.

If the parties and movant are unable to resolve this discovery dispute (with or without a protective order), they are granted leave to supplement their motion and response by **January 17, 2022**. In doing so, the parties shall identify which specific requests are still in dispute and why they are or are not discoverable. Thereafter, a hearing will be set if necessary.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of November, 2021